## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMARALIZE G. DEJOIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5144** |
| **CHELSEY RICHARD NAPOLEON, ET AL.** | **SECTION: D (4)** |

### ORDER and REASONS

Before the Court is a Joint Motion and Incorporated Memorandum to Transfer Venue Back to Civil District Court for the Parish of Orleans, filed by the remaining parties in this litigation, Amaralize G. Dejoie, Chelsey Richard Napoleon in her official capacity as Clerk for the Civil District Court for the Parish of Orleans and the *ex officio* recorder of mortgages, and the City of New Orleans.[1]

After careful consideration of the Joint Motion and the applicable law, the Motion is **DENIED.** Nonetheless, before the reasons discussed below, the Court **REMANDS** the matter to Civil District Court for the Parish of Orleans, State of Louisiana.

### I.     FACTUAL AND PROCEDURAL HISTORY

In her state court Petition for Writ of Mandamus (Pursuant to La.R.S. 44:114), Plaintiff sued Chelsey Richard Napoleon, in her official capacity as Clerk of Civil District Court for Orleans Parish, Louisiana, and *ex officio* recorder of mortgages, the City of New Orleans, the State of Louisiana, and the United States of America, seeking writs of mandamus requiring Napoleon to cancel and erase from the mortgage records a city tax lien, two state tax liens, and several federal tax liens

---

[1] R. Doc. 17.

assessed by the defendants against the immovable property at issue.[2]   The United States removed the case to this Court on December 8, 2022 based upon the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and 28 U.S.C. § 1444.[3]   Under § 1442(a)(1), a civil action commenced in state court against "The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed to federal court.[4]   Section 1444 likewise provides that, "Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."[5]   Section 2410, in turn, addresses actions affecting property on which the United States has a lien.[6]   The Notice of Removal contains no other assertion regarding the Court's subject matter jurisdiction.

On March 28, 2023, the Court dismissed without prejudice the State of Louisiana for Plaintiff's failure to prosecute under Fed. R. Civ. P. 4(m).[7]   On February 7, 2024, the Court dismissed with prejudice Plaintiff's claims against the United States based upon a Joint Stipulation of Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) filed by the parties.[8]   Thus, the only remaining defendants in this case are Napoleon and the City of New Orleans.

---

[2] *See*, R. Doc. 1-1 at pp. 3-9.
[3] R. Doc. 1 at ¶¶ II-III.
[4] 28 U.S.C. § 1442(a)(1).
[5] 28 U.S.C. § 1444.
[6] 28 U.S.C. § 2410(a).
[7] R. Doc. 11.
[8] R. Docs. 16 & 19.

In the two-page Joint Motion to Transfer Venue, the remaining parties assert

that Plaintiff originally filed suit in state court and that the matter was subsequently

removed to this Court "because there existed a federal issue."[9]  The parties further

assert that, "All federal issues have been resolved," and direct the Court to the Joint

Stipulation of Voluntary Dismissal, wherein Plaintiff voluntarily dismissed with

prejudice her claims against the United States.[10]  The parties claim that, "The only

issues which remain are non-federal issues."[11]  Without citing any legal authority,

the parties assert that, "For the foregoing reasons, the parties . . . respectfully request

that the Court grant their motion to transfer venue back to Civil District Court for

the Parish of Orleans, State of Louisiana."[12]

## II.    LAW AND ANALYSIS

At the outset, the Court points out that the parties failed to cite any legal

authority to support their request for the Court to transfer this case from a federal

district court to a state trial court.[13]  Regarding a request for a change of venue, 28

U.S.C. § 1404(a) authorizes federal courts to transfer cases to other federal courts,[14]

but it does not permit this Court to grant the relief requested by the parties in this

case.[15]  Similarly, 28 U.S.C. § 1631 allows federal courts to transfer cases to another

federal court to cure "a want of jurisdiction," but it does not authorize transfer from

---

[9] *Id*. at p. 1.
[10] *Id*. at pp. 1-2.  *See*, R. Docs. 16 & 19.
[11] R. Doc. 17 at p. 2.
[12] *Id*.
[13] *See, generally*, R. Doc. 17.
[14] Section 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to *any other district* or division where it might have been brought or to any district or division to which all parties have consented." (emphasis added).
[15] *Weber v. PACT XPP Technologies, AG*, 811 F.3d 758, 766 (5th Cir. 2016).

a federal court to a state court.[16]  As such, the parties have failed to cite, nor is the

Court aware of, any legal authority that would permit the Court to transfer this case

to state court based upon a motion to change venue.  Accordingly, the Joint Motion is

denied.

Nonetheless, it appears to the Court that the parties, perhaps unartfully, are

seeking remand of this matter back to the state court from which it was removed on

the basis that the Court no longer has federal subject matter jurisdiction over

Plaintiff's claims.  The Court reaches this conclusion based on the fact that the parties

assert in their Joint Motion that the matter was transferred to this Court "because

there existed a federal issue," and further assert that, "All federal issues have been

resolved" in light of Plaintiff's dismissal with prejudice of her claims asserted against

the United States.[17]

Subject matter jurisdiction must exist at the time of removal to federal court,

based on the facts and allegations contained in the complaint.[18]  It is undisputed, and

the Court concurs, that the Court had subject matter jurisdiction when this matter

was removed to the Court pursuant to 28 U.S.C. § 1444.[19]

---

[16] Section 1631 provides, in pertinent part, that, "Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Further, 28 U.S.C. § 610 provides that, "As used in this chapter the word 'courts' includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the district Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade."
[17] R. Doc. 17 at pp. 1-2.  *See*, R. Docs. 16 & 19.
[18] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[19] R. Doc. 1.

On February 7, 2024, this Court granted Plaintiff's request to dismiss with prejudice the only federal claims asserted in this case, the sole claims which gave rise to this Court's subject matter jurisdiction.  The Court now addresses its exercise of supplemental jurisdiction over Plaintiff's remaining claims under 28 U.S.C. § 1367(a).  The "general rule"[20] in this Circuit is to decline to exercise supplemental jurisdiction over state law claims when "the district court has dismissed all claims over which it has original jurisdiction."[21]  "[T]his rule is neither mandatory nor absolute,"[22] and it is within the discretion of the district court to determine after considering the factors enumerated in 28 U.S.C. § 1367(c), as well as the common law factors of "judicial economy, convenience, fairness, and comity."[23]  The Court specifically notes that this case remains in its initial stages in this Court.  The Court further notes that the remaining parties have "moved for" transfer of the matter to state court.  After consideration of the above factors, the Court finds that the factors favor declining the exercise of supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3) of Plaintiff's state law claims.

## III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Joint Motion and Incorporated Memorandum to Transfer Venue Back to Civil District Court for the Parish of Orleans[24] is **DENIED.**

---

[20] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 446 (5th Cir. 2002) (quoting *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)).
[21] 28 U.S.C. § 1367(c)(3).
[22] *Amedisys, Inc.*, 298 F.3d at 447 (quoting *Batiste*, 179 F.3d at 227).
[23] *Amedisys, Inc.*, 298 F.3d at 446 (quoting *Batiste*, 179 F.3d at 227).
[24] R. Doc. 17.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, February 9, 2024.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**